UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**

In this putative class action, Plaintiff Tejwant Bal seeks to represent a class of plaintiffs against Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") to assert various claims related to improper mortgage servicing. Before the Court are two motions: Shellpoint's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss," Dkt. No. 35) and Shellpoint's Motion to Strike Class Allegations in Plaintiff's Second Amended Complaint ("Motion to Strike," Dkt. No. 36). The Court previously granted Shellpoint's motion to dismiss Plaintiff's First Amended Complaint because the First Amended Complaint contained insufficient factual allegations and improper legal claims. Most of these deficiencies persist in the SAC, but two claims are sufficiently pleaded. Thus the Motion to Dismiss is GRANTED in part and DENIED in part. The Motion to Strike is DENIED.

## BACKGROUND

The following facts are alleged in the SAC, and taken as true for the purposes of this Motion.

Plaintiff has a mortgage serviced by Shellpoint. (SAC ¶ 15.) Plaintiff reached out to Shellpoint in 2012 to seek a loan modification. (*Id.* ¶ 53.) Between February 2013 and April

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

2014, Plaintiff had numerous conversations with Shellpoint where Shellpoint representatives instructed him to submit and resubmit applications and supporting documents for loan modifications. (*Id.* ¶ 59.) He complied with these instructions, submitting multiple applications, but he never received any determination of eligibility. (*Id.* ¶ 55.) In the meantime, Shellpoint imposed late fees and other costs associated with the mortgage, and eventually caused a Notice of Default and a Notice of Trustee's Sale to be recorded against his property. (*Id.* ¶¶ 55, 83, 84) Plaintiff does not allege that a foreclosure sale has occurred.

Shellpoint represents on its website that it participates in the Home Affordable Mortgage Program ("HAMP") and complies with HAMP's loan modification requirements. (*Id.* ¶¶ 37-39.) But Shellpoint "has serially strung out, delayed, and otherwise hindered the [loan] modification process" required under HAMP. (*Id.* ¶ 46.) As a result, "Plaintiff and class members were and continue to be deprived of an opportunity to cure the deliquencies, pay the mortgage loan, and save their homes." (*Id.* ¶ 48.) Shellpoint's motive in stringing Plaintiff along was purportedly to "wear Plaintiff out so Plaintiff would give up on the process" and to "caus[e] Plaintiff's loan balance to further increase [so] that the debt becomes insurmountable and will not fit HAMP guidelines." (*Id.* at 16:17-22.)

Plaintiff asserts seven claims: (1) Fraud (for national class members), (2) Fraud (for California class members, (3) Wrongful Foreclosure under California Civil Code § 2923.6(c) and § 2924.10, (4) Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing, (5) Unjust Enrichment, (6) Negligence, and (7) Violations of California Business and Professions Code § 17200 et seq. ("UCL").

**LEGAL STANDARD**

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); see *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

Meanwhile, fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the particular misconduct to be able to defend against the charge. *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted). To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett,* 137 F.3d 616 627 (9th Cir. 1997) (internal quotation marks omitted). And for business entities, Plaintiffs must allege the names of the person who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See, e.g., Pentalpha Macau Commercial Offshore Ltd. v. Redy,* Case No. 03-5914, 2004 WL 2624001, at *2 (N.D. Cal. Jul. 8, 2004). Factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Rule 9(b) serves many purposes. One is to "furnish the defendant with certain definite charges which can be intelligently met." *Kincade v. Trojan Express, LLC,* No. SACV 08-1362 AG (Anx), 2009 WL 799390, at *2 (C.D. Cal. Mar. 23, 2009). Other purposes include "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties, and society enormous social and economic costs absent some factual basis." *Anderson v. Clow* (*In re Stac Elecs. Sec. Litig.*)*,* 89 F.3d 1399, 1405 (9th Cir. 1996)(internal quotations omitted).

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

**ANALYSIS**

**1. Fraud Claims**

The Court dismissed Plaintiff's fraud claims in the FAC because Plaintiff "fail[ed] to allege any facts supporting an inference of scienter, or any specific instances of fraudulent misrepresentations" and "fail[ed] to properly allege resulting damage." (Order at 4.) Plaintiff added to the SAC some allegations of specific instances of misrepresentations, but still fails to allege facts supporting other elements of his fraud claims.

The elements of fraud are (1) misrepresentation, (2) scienter, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Plaintiff must plead these elements with particularity. Fed. R. Civ. P. 9(b) requires that to allege fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Specifically, "the complaint must specify the times, dates, places and benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). And since Defendant is a business entity, Plaintiff must "allege the names of the persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

At a minimum, Plaintiff fails to allege facts supporting justifiable reliance and resulting damage. For instance, Plaintiff alleges that in reliance on Shellpoint's promise to consider him for a loan modification he decided not to take any other action to address his default. (SAC ¶ 66.) But he doesn't allege that Shellpoint promised to grant the loan modification, nor that he had other viable options to cure the default. Plaintiff then complains that late fees and penalties accumulated while Shellpoint was feigning consideration of his loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

modification applications. But the fees and penalties apparently resulted from Plaintiff's failure to make payments under his existing contract, not from Shellpoint's purportedly drawn-out loan modification process. Plaintiff doesn't allege that his decision to stop making payments was in reliance on Shellpoint's promise to consider him for a loan modification, nor does he allege any facts showing that such reliance would have been justifiable—for instance, by alleging that Shellpoint promised to forego fees and penalties while processing his loan modification applications.

In short, Plaintiff's allegations that Shellpoint strung him along in order to collect late fees and penalties—fees and penalties that they were entitled to collect by contract—do not support a fraud claim.

### 2. Wrongful Foreclosure

Plaintiff alleges in his Wrongful Foreclosure claim that Shellpoint violated California's Homeowner Bill of Rights ("HBOR"), which provides among other things that mortgage servicers "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."

Shellpoint argues that the Court should dismiss this claim because "Plaintiff fails to provide any factual support . . . that he submitted a complete application for a loan modification . . . ." (Motion to Dismiss, 11:19-20.) But on the contrary, the SAC includes 15 pages of allegations supporting this claim. (SAC at 16-30.) For instance, Plaintiff alleges "[Shellpoint] requested the following fully completed and executed loan modification packet documents, which were successfully faxed . . . ." (*Id.* at 25:10-13.) After listing numerous documents sent to Shellpoint, Plaintiff continues: "Plaintiff called to confirm receipt of the loan modification packet, which was confirmed. . . . No disposition was ever made of this loan modification submission." (*Id.* at 25:24-28.)

At the motion to dismiss stage, Plaintiff sufficiently states a claim under § 2923.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

### 3. Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing

Just as he did in the FAC, Plaintiff again claims that Shellpoint breached the Deed of Trust by failing to comply with applicable law as required by that document. Plaintiff alleges that the Deed of Trust provides:

> If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded to each county in which any part of the Property is located. **Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law**.

(FAC ¶ 95.) He argues that Shellpoint breached these provisions by failing to comply with HAMP and HBOR. While adding few factual allegations to the SAC, Plaintiff includes a legal argument that Shellpoint was prohibited by this clause from "pursu[ing] non-judicial foreclosure activity" while loan modification applications were pending. (SAC ¶ 97.) But as previously stated, Plaintiff's allegations do not establish that the "applicable law" provisions were meant to include HAMP and HBOR. The language cited appears limited to mailing copies of the notice of default.

Neither do Plaintiff's allegations support a claim for breach of the covenant of good faith and fair dealing. Plaintiff has not identified any contract provision requiring Shellpoint to offer loan modifications when Plaintiff fails to meet his own obligations under the Note.

Finally, Plaintiff continues to assert that he is an intended third-party beneficiary of HAMP, which was an agreement between the government, lenders, and servicers. Most courts, including this one, have rejected that theory. *See Hammonds v. Aurora Loan Services LLC*, EDCV 10-1025 AG (OPx), 2010 WL 3859069, at *3 (C.D. Cal. Sept. 27, 2010). "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999). Plaintiff has not convinced the Court that HAMP includes such a clear intent..

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

### 5. Unjust Enrichment

Plaintiff repeats in the SAC the same unjust enrichment claim that the Court already dismissed from the FAC. This repeated claim fails for the same reasons.

### 6. Negligence

Similarly, Plaintiff adds no factual allegations to the SAC that alter the Court's prior analysis of the negligence claim. As previously stated, under the limited facts in the SAC, Shellpoint owes no duty to process a loan modification. *See Ottolini v. Bank of Amer., N.A.*, CV 11-0477 EMC, 2011 WL 3652501, at *7 (C.D. Cal. Aug. 19, 2011) (concluding that the defendants owed plaintiff no duty concerning his loan modification application when the loan modification hadn't progressed to a complete stage and there was no indication of the likelihood the application would be granted). Therefore, Plaintiff fails to state a negligence claim.

### 7. California Business and Professions Code § 17200

California's Unfair Competition Law ("UCL") provides for claims for unlawful, unfair, or fraudulent practices. Here, because the HBOR claim survives the Motion to Dismiss, the UCL claim survives on at least the unlawful prong.

### MOTION TO STRIKE CLASS ALLEGATIONS

In a putative class action, a party may preemptively move to strike class allegations before the plaintiff has requested class certification. *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). The Court may strike class allegations if "the complaint demonstrates that a class action cannot be maintained" because the class is unascertainable, or because the plaintiff cannot satisfy the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure. *Id.*; *see* Fed. R. Civ. P. 23(d)(1)(D) (In a class action, a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

But rarely do courts grant such motions before class certification. *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). More often, courts conclude that preemptive motions to strike class allegations "are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." *Id.* (quoting *Shein v. Canon U.S.A., Inc.*, No. CV-08-073230 CAS (Ex), 2009 WL 3109721, at *10 (C.D. Cal. Sept. 22, 2009)). "[I]n the context of a motion to certify a class, it is the plaintiff who bears the burden to establish that the class is certifiable. However, in the context of a motion to strike class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable." *Ramos v. U.S. Bank Nat'l Ass'n*, 2009 WL 3834035, at *4 (D. Or. Nov. 16, 2009).

The Court is not convinced at this early stage that it should strike from the SAC the class allegations concerning the surviving California HBOR and UCL claims. Plaintiff claims that Shellpoint violates HBOR's prohibitions against taking certain foreclosure-related actions while processing loan modification applications, and that this practice affects numerous borrowers. Defendant has not convinced the Court that the class certification requirements cannot be met. Thus, at this early stage, the Court finds Plaintiff's allegations sufficient to survive a motion to strike. The arguments raised by Shellpoint are better raised at the class certification stage.

## DISPOSITION

The Motion to Dismiss is GRANTED in part and DENIED in part. The Motion to Strike is DENIED. The Court declines to give Plaintiff leave to further amend the complaint. Given Plaintiff's repeated failures to state viable claims for fraud, breach of contract, unjust enrichment, and negligence, and the inherent legal problems with those claims, the Court finds that further leave to amend would be futile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1558 AG (JCGx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | TEJWANT S. BAL v. NEW PENN FINANCIAL, LLC | | |

: 0

Initials of Preparer    lmb